**FILED**
October 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **FREDA G. YOKUM,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. SA-25-CV-779-OLG** |
| **NORMA GONZALES and KENNETH C. BELL,** | § | |
| **Defendant.** | § | |

**ORDER**

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (Dkt. No. 28) concerning Defendant Kenneth C. Bell's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, and Motion for Sanctions and to Have Plaintiff Declared a Vexatious Litigant (Dkt. No. 15), and Defendant Norma Gonzales's First Amended Motion to Dismiss (Dkt. No. 16). Plaintiff Freda G. Yokum timely filed Objections (Dkt. No. 30) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Plaintiff largely agrees with Judge Bemporad's findings and conclusions, but she "objects to sanctions and . . . being declared a vexatious litigant." Dkt. No. 30 at 7–8. The Court has therefore reviewed that portion of the Report de novo and is of the opinion that the Report is in all

things correct, and that the Objections are without merit. Accordingly, the Objections (Dkt. No. 30) are **OVERRULED**, the Report (Dkt. No. 28) is **ACCEPTED** and, for the reasons set forth therein, the Motions (Dkt. Nos. 15–16) are **GRANTED IN PART** as set forth below:

- Plaintiff's fraud on the court claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;
- Plaintiff's § 1983 claim is **DISMISSED WITH PREJUDICE**; and
- Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

The Court also issues the following, narrowly tailored pre-filing injunction:

> Before commencing or continuing any new civil action in the Western District of Texas, Freda G. Yokum must first obtain the Court's permission. To seek permission to file a new civil action in the Western District of Texas, Yokum must attach her proposed civil complaint to a Motion for Leave to Commence New Civil Action. To seek permission to continue pursuing a civil action that was removed to federal court from state court—or transferred to the Western District of Texas from another federal court—Yokum must file a Motion for Leave to Continue Civil Action within 14 days of the filing of the notice of removal or the entry of the transfer order.
>
> In either motion, Yokum must certify that her claims do not relate to or arise from the judgment or proceedings in the case of *Freda Yokum v. Paramount Healthcare Corp., d/b/a PHCC – Mystic Park Rehab. & Health Care Ctr., LLC*, Cause No. 2015-CI-16732, in the 131st Judicial District Court, in Bexar County, Texas. Yokum must attach copies of the following documents to either motion: this Order, the Magistrate Judge's Report and Recommendation accepted by this Order, and the Dismissal Orders entered in Cause Nos. SA-20-CV-697-DAE; SA-20-CV-1123 OLG; and SA-19-CV-1157-FB. Unless leave is granted, all motions or other filings by Yokum shall be nullities and need not be responded to by any purported parties.
>
> If Yokum files a new civil complaint in federal court in lieu of a motion for leave that strictly complies with this Order, the Clerk of the Court shall docket the filing for administrative purposes only and immediately close the case, after placing a copy of this Order in the case file. The Court will not otherwise address or acknowledge new complaints unattached to a motion for leave that strictly complies with this Order. Should the Clerk of the Court fail to do so, the Court may strike Yokum's filings and direct that the case be closed. In removed cases or transferred cases, if Yokum fails to file a proper motion for leave that strictly complies with this Order, the Court may dismiss the action sua sponte for non-compliance with this Order.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on October 28, 2026.

ORLANDO L. GARCIA
United States District Judge